Sutliff, J..
It is claimed by the plaintiff, that, in addition to the instruction given by the court, he had the right to the full instruction requested to be given to the jury, not only as to the present existence of the relation of employee on the part of the plaintiff, while on the passenger train, at the time of his injury, but also, that to constitute such relation, it must appear that the plaintiff had some duty to perform on tho train.
It is suggested that the true test to determine whether the plaintiff was in the employ of the defendant, at the time of the injury, so as to sustain the relation of co-servant to the servants of the defendant who were operating the train at the time, is the fact of its being his duty and part of his employment to be upon the train at the time the injury was received. I do not object, in this case, to the correctness of the test. What, then, is the result of its application to the case ?
The plaintiff gave evidence showing that he was the employee of the defendant — employed by the month, to serve the company, as it might have occasion for his services, in various duties to be performed, and in such positions as they might, from time to time, during his term of service, suggest and direct. In accordance with this understanding and practical construction of the contract, the plaintiff had, under the directions of the company, for a length of time, rendered services in various capacities, and, at different places, and upon trains along the road of the defendant. Can it, then, be doubted that the evidence tended to show that it was the duty of the plaintiff to pass from one point of the road to another under the instruction of his employer, to perform such duties as were required of him ? Certainly not.
The proof made by the plaintiff, as to his position at the time of the injury, is simply this : Being at Monroeville, a town east of Fremont, on the 12th of January, thus employed by the month, he is, by his employer, the defendant, instructed to attach his engine to the passenger train operated by other agents, and to proceed to Fremont, a town lying between Monroeville and Toledo (plaintiff’s residence), and on the next day, take charge of another train lying at Fremont; and *422 that, in pursuance of such instructions, he attached his engine to the train, and went aboard of the train; but that, instead of stopping off the train when it arrived at Fremont, he passed on to Toledo ; and that upon his return the next morning upon the train, to enter upon the discharge of his duties at Fremont, and before arriving at that town the injury occurred.
It is admitted, then, and shown by the plaintiff’s proof, that it was not only his duty to be at Fremont to take charge of the train there, as directed, and that he had left Monroe-ville under the instruction of the defendant, to perform the service there on the 13th so required of him. But it is said that the relation of the plaintiff, which, it is conceded, was that of employee in going from Monroeville toward Fremont on the 12th, inasmuch as he had duties to discharge there the next day, became entirely changed in his approach to the assigned post of duty from Toledo, on the same train and for the same purpose. It is difficult to perceive by what reasoning such a result can be logically deduced. The plaintiff admits that he was the hired servant of the defendant at the time of the occurrence; that he was directed to be at Fremont on the 13th, to take charge, of the train there waiting for his arrival, and that it was his duty, as an employee, to-go there; and it appears that for the purpose of so discharging his duty as employee, he took passage on the train at Toledo on the morning of the 13th. This duty rested upon him to obey the orders given him the day before, certainly as absolutely at Toledo, on the morning of the day for its discharge, as it did the day before, when the order was received at Monroeville, and the duty had only become more pressing upon-him as he had so much more nearly approached the time for its performance. It was, then, his duty, and a necessary one, to pass to Fremont on that train at the time the train left Toledo. He could not otherwise have been at Fremont, to take charge of his train on the 13th, as directed.
There is nothing in the record tending to show, that even passing on to Toledo, on the 12th, was inconsistent with the relation the plaintiff sustained as employee, at the .time *423 The privilege of necessary visits to his family or home, in the immediate vicinity, when not interfering with his duties to his employers, may, or may not have been expressed in the contract: or, it may have been implied,' or conceded on the part of the company to its employees. But, even if the plaintiff had passed on to Toledo, on the 12th, in disobedience of orders, and without the -knowledge or consent of his employer, unless then discharged, it was the obvious duty of the employee, in whom the confidence of his employer was reposed, to discharge the trust assigned him at Fremont, for the 13th, to take passage on the train, so as to be there at the appointed time.
Again, it is urged by counsel for plaintiff, that the court erred, in not charging the jury, that, even if the plaintiff was on the train as the employee of the company, unless his duty upon the passenger train was a common service, upon that train, with the servants operating it, so as to render him a co-employee with them upon the same train, his relation to the defendant, was there, that of a passenger merely.
There is no doubt that the general proposition as stated to the jury in the instructions of the court, was correct. But, inasmuch as the plaintiff asked the additional proposition to be stated to the jury, which, if correct in law, would have been applicable in the case, the refusal of the court to give such instruction, can only be sustained on the ground of the incorrectness in law of the proposition.
The court instructed the jury, that the relation of the plaintiff as employee, to exempt him from the rights of a common passenger at the time of the injury, he must have been at the time, employed in service, making it his duty to have been on the train at the time of his injury. Was the further proposition, that his duty upon the train must have been such common service upon that train with the servants who operated it, as to render him a co-employee with them upon that train, also due, as insisted by plaintiff’s counsel?
It is a well settled doctrine, that to exclude the party in such a case, from the right to recover as a passenger, for an injury received by him, from the carelessness of the servants *424 operating a train, he must not only be shown to be at the time in the position of an employee, but, also, must stand in the relation, at the time, of a co-servant to the negligent or incompetent servants so occasioning the injury. The rule is well understood, and generally admitted. .Its application is often attended with embarrassment and difficulty. This is peculiarly so, in the case of railroad companies. The employees of the company are necessarily numerous, and their respective duties diversified, and the departments in which the duties of the employees are discharged, in many instances disconnected. Again; it is obvious, that certain of the employees, the contractors, financial agents, legal advisers, and some others necessarily employed by the company for the successful conduct of its business, can not be considered as the servants of the company, in the sense implied by the rule referred to, and applicable to the case of one receiving an injury from the carelessness of his co-servant in a common service.
While it is not always easy to discriminate between cases where servants are, and where they are not engaged in a common service, so as to render them co-servants, yet the application of the rule as shown by the adjudicated cases, will be found to depend, in its application, upon this distinction. Thus in the cases of Gellenwater v. The M. & I. R. R. Co., 5 Ind. Rep., 339; and Fitzpatric v. New Albany & Salem R. R. Co., 7 Ind. Rep., 436, and perhaps some others, their apparent conflict with decisions in other courts seems to arise, not as to the rule, but in its application merely.
It is not pretended that the case before us is one subject to any exception, as that of the wrong-doer being utterly incompetent to discharge the duty of the place he was employed to fill; or that the injured party was, by the peculiarity of the duty in which he was at the time engaged, exempt from the general rule applicable in such cases to fellow servants. Rut the plaintiff insists that his duties as an employee were too remote and disconnected from that of the servants operating the train to be regarded as engaged with them in a common Service and so sustaining to them the relation of fellow servant.
*425 In the case of Whaalon v. The Mad River and Lake Erie R. R. Co., 8 Ohio St. Rep. 249, this court held, that where an employee, engaged in the repair of a railroad track which was then in use for the running trains, was injured by a stick of wood carelessly thrown off the tender by an employee upon the engine and tender, that the relation of the employee in jured was that of a co-servant of the other; and we are satisfied that the holding in that case is clearly within a reasonable appli cation of the rule. The sense in which the employee injured in that case was held to be a co-servant of the employee from whose carelessness he received the injury, was entirely inconsistent with the limited construction of common service required by the instruction requested and refused in this case. In that case, the servant repairing the track, or keeping it in repair for a running train, had no control over the engine from which the injury was received. He was not engaged in the service of throwing off the wood, in common with the servant ■on the tender. It was only by using the term “ common service” in, as we think, a more reasonable and comprehensive sense, that the facts of that case were considered as embraced by the rule. The common service in which both were held to be engaged, was that of conducting the active operations upon the road.
In this use of the term common duty or common service, applied to the employees of a railroad company, in conducting the active business upon the road, servants somewhat disconnected in their respective duties are necessarily included. But this want of immediate connection in their respective duties will be found to obtain even if the use of the term should be restricted so as to embrace only the operatives upon the same train. The respective duties of those assigned to different positions upon the train, will be found, to a great extent, necessarily independent of each other; and yet the carelessness of any one may often be fatal to other servants on the same train having no control over the delinquent, »nd in full discharge of their own duties. And yet the most limited application of the rule must necessarily embrace such -eases.
*426 While, therefore, it can not properly be said of any par ti ciliar duty appertaining to the service of a‘single employee upon the train, that the other employees upon the train are his co-servants engaged in the discharge of that duty as a common duty, they may all properly be regarded as fellow servants in the common service of operating the road. And-in this sense those employed in facilitating the running of the trains, by ballasting the track, removing obstructions, or keeping guard to prevent obstructions, and those employed at stations, attending to switches, and other duties of a like nature upon the road, as well as those upon the trains, operating, may all be well regarded as fellow servants in the common service.
In this view of the law applicable to the facts as shown by the record, the additional instruction asked of the court was-inadmissible. We regard the instruction given to the jury by the court as correct, and there appearing no error in the-record, the judgment of the district court must be affirmed.

Judgment accordingly.

Scott, C.J., and Peck, Gholson and Brinkerhoee, JJ.,. concurred.